UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOE ANN DOUBLIN,

        Plaintiff,                Case No. 1:14-cv-1119

v.                                          Hon. Robert J. Jonker

U.S.I. MACOMB RESIDENTIAL
OPP. INC., *et al.*,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

This is an action brought by *pro se* plaintiff Joe Ann Doublin against U.S.I. Macomb Residential Opp. Inc. ("Macomb"), State of Michigan Unemployment Office (properly identified as the State of Michigan Unemployment Insurance Agency ("Michigan UIA")), George H. Wyatt, III ("Wyatt"), Jack F. Wheatley ("Wheatley"), and Garry Goolsby ("Goolsby"). This matter is now before the Court on motions to dismiss filed by defendants Goolsby, Wheatley and Wyatt (docket no. 6), defendant Michigan UIA (docket no. 8), and defendant Macomb (docket no. 18). Plaintiff does not oppose the motions.

        **I.**        **Background**

Plaintiff, a resident of Toledo, Ohio, commenced this action on August 11, 2014, when she filed a one-page handwritten complaint in the Northern District of Ohio. *See* Compl. (docket no. 1). Plaintiff filed this action against: her former employer, Macomb; Michigan UIA; and Goolsby, Wyatt, and Wheatley, Commissioners of the Michigan Unemployment Office (properly identified as Michigan Compensation Appellate Commissioners). *Id.*

Plaintiff's one-page complaint reads as follows:

Plaintiff hereby gives notice to the Parties, though their respective Attorneys if any, that the United States Marshals Service will be given [sic] out summonses. It will be held in the United States District Court. The parties to be served are located at [addresses omitted]. This is a Civil Action and Class Action. These Actions are been [sic] brought fourth [sic] on behalf of the Plaintiff. The Reasons why these actions are been [sic] brought fourth [sic] is, because I was fried [sic], from my place of Employment. Then I applied for my unemployment. At frist [sic] everything was going good! Commissioners had approve [sic] it. The Michigan Administrative Hearing system. They had set up a hearing. They had set me up a Debit Card Visa in Joe Ann Doublin good thru 09/14 [account number omitted]. Everything was going good until someone called the police on me at my house. On a lie. The lie was that I sit [sic] in my garage everyday. I only sit in the garage in the evenings. That was not everyday. When the police came and pick [sic] me up from my house, the Police took me to a Police Station, and detained me for about 1 hour more. It appeared [sic]. Then I was detained against my will for 5 months [unintelligible]. I reopened my case, and appeal [sic] it 4 times, I kept been [sic] denied. Due to lack of jurisdiction. My Appeal No: is [sic] B2011-08390-RMI-237503 W. My Demands are A [sic]: Class Action, Jury Demand, Preliminary injunction, $50,000. I feel that my Civil Rights have been missused [sic]. I also have been discriminated [sic], Against [sic].

*Id.*, PageID # 1. Plaintiff listed her address as Toledo, Ohio. *Id.*

Defendants Michigan UIA, Wyatt, Wheatley and Goolsby moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6). Defendant Macomb moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1), (b)(2) and (b)(6). Defendants included several exhibits in support of their motions. Defendant Macomb submitted a copy of a Michigan Department of Civil Rights Charge of Discrimination in which plaintiff claimed that Macomb discharged her because of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and a Dismissal and Notice of Rights from the United States Equal Employment Opportunity Commission (EEOC) dated June 27, 2011. *See* Charge (docket no. 18-1, PageID # 202); EEOC Dismissal (docket no. 18-2, PageID # 205). Defendant Michigan UIA submitted a copy

of a "Notice of Determination or Redetermination" from the Michigan Unemployment Bureau in Grand Rapids dated January 19, 2011 advising plaintiff that she was disqualified for benefits because she was fired for a deliberate disregard of her employer's interest. *See* Notice of Determination or Redetermination (docket no. 8-3, PageID # 77). Finally, defendants Goolsby, Wyatt and Wheatley submitted copies of various state agency orders addressing plaintiff's unemployment claim: a Michigan Administrative Hearing System ("MAHS") order dated June 16, 2011 dismissing plaintiff's appeal of the Michigan UIA Redetermination due to lack of prosecution; a Michigan Compensation Appellate Commission (Appellate Commission) order dated April 18, 2013 dismissing an appeal of the MAHS order for lack of jurisdiction; and four Appellate Commission orders dated October 24, 2013, February 13, 2014, April 8, 2014 and June 24, 2014 denying plaintiff's application to reopen its April 18, 2013 order of dismissal. *See* Orders (docket nos. 6-2, 6-3, 6-4, 6-5, 6-6 and 6-7).

In an order entered on October 28, 2014, the court determined that venue was improper in the Northern District of Ohio, because the events involved in the action occurred in Michigan and all of the defendants resided in Michigan. *See* Order of transfer (docket no. 25, PageID # 240). The court further found that four of the five defendants resided in the Western District of Michigan. *Id.* Rather than dismiss plaintiff's complaint, the court transferred this action to the Western District pursuant to 28 U.S.C. § 1406(a), which provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *Id.*

3

Upon the transfer of plaintiff's claims, this Court denied plaintiff's *ex parte* motion to dismiss (docket no. 39), in which she sought to re-transfer this action to the Northern District of Ohio. *See* Order (docket no. 42). The Court also denied plaintiff's "motion to stop" (docket no. 22), in which she wanted to stop pretrial matters and proceed directly to a jury trial. *Id.* In denying these motions, the Court reminded plaintiff that the time for filing responses to defendants' motions to dismiss had passed, but nonetheless allowed plaintiff an additional 14 days to file responses to the motions. *Id.* Plaintiff did not file responses to the motions. Rather, she sent the Court a letter stating that she was "unable to come to Michigan for anything" and felt that coming to Michigan would cause her to be hurt or killed. Plaintiff's Letter (docket no. 43).

 II.   **Discussion**

 A.   **Lack of jurisdiction**

 1.   **Subject matter jurisdiction**

All defendants seek to dismiss plaintiff's action for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 377 (1994). The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1332 (diversity of citizenship jurisdiction). *Arbaugh v. Y&H Corporation*, 546 U.S. 500, 513 (2006). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (internal citations omitted). "[W]hen subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction in order to survive the motion to dismiss." *Giesse v. Secretary of Department of Health and Human Services*, 522 F.3d 697, 702 (6th Cir. 2008).

4

"In reviewing a 12(b)(1) motion, the court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits." *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003). "However, where a defendant argues that the plaintiff has not alleged sufficient facts in her complaint to create subject matter jurisdiction, the trial court takes the allegations in the complaint as true." *Id. See, e.g., Little Traverse Bay Bands of Odawa Indians v. Great Spring Waters of America, Inc.*, 203 F.Supp.2d 853, 855 (W.D. Mich. 2002) (for a facial attack as to subject matter jurisdiction under Rule 12(b)(1), the district court must assume that plaintiff's allegations are true and must construe the allegations in a light most favorable to plaintiff).

Finally, in resolving motions to dismiss, the court has a duty to construe a *pro se* complaint liberally. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Kent v. Johnson*, 821 F. 2d 1220, 1223-24 (6th Cir. 1987). However, the liberal construction of *pro se* complaints does not require this Court to conjure up unpled allegations. *McDonald v. Hall*, 610 F.2d 16, 19 (lst Cir. l979).

    **a.**    **Diversity**

District courts have original jurisdiction of civil actions "where the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different states." 28 U.S.C. § 1332. Plaintiff has alleged that she lives in Ohio. *See* Compl. Defendants do not contest they are citizens of Michigan for purposes of diversity jurisdiction under § 1332. Rather, defendants point out that plaintiff has failed to allege that the amount in controversy exceeds $75,000.00. Accordingly, plaintiff has failed to allege facts establishing diversity jurisdiction.

      **b.**      **Federal question**

In addition, district courts have original jurisdiction of all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Here, plaintiff has alleged that defendants violated her civil rights and discriminated against her. The gist of plaintiff's claim is that she was fired from her job, that she had an unemployment claim approved, that she was arrested and detained for five months, that her unemployment claim was apparently denied, and that she filed four appeals to re-open her unemployment claim. *See* Compl. Plaintiff has not cited any federal statutory basis for her claims.

Giving plaintiff's allegations an extremely broad and liberal construction, the Court concludes that her complaint is not "properly pleaded" because it fails to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Under Fed. R. Civ. P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8(a)(2) does not require "detailed factual allegations" it requires more than "labels and conclusions." *Hensley Manufacturing, Inc. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009), quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007).

While plaintiff seeks relief for a violation of her civil rights, she has not set forth any facts to support a claim against any defendant. *See* 42 U.S.C. § 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the

deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law"). The documents submitted by defendants Michigan UIA, Wyatt, Wheatley and Goolsby show nothing more than a series of administrative appeals from a state agency decision denying plaintiff's claim for unemployment benefits. While plaintiff appears to claim that she was unjustly arrested, she presented only a conclusory allegations regarding the actions of unidentified police officers, none of whom are named as defendants in this action. With respect to plaintiff's claim of discrimination, she does not allege the nature of her discrimination claim, the date it occurred, or the individuals involved. Finally, while it is possible that plaintiff's complaint is referring to the Title VII race discrimination claim set forth in the Charge of Discrimination attached to defendant Macomb's brief, she does not allege race discrimination or address this claim in any detail. In this regard, plaintiff's claim would appear to be untimely, given that her lawsuit should have been filed back in 2011, i.e., within 90 days of her right to sue notice mailed on June 27, 2011. *See* EEOC Dismissal.

Plaintiff's complaint alleged the type of "the - defendant - unlawfully - harmed - me accusation" which the Supreme Court found to be insufficient to state a claim for relief. *Iqbal*, 556 U.S. at 678. Rather than filing a response to the motions or attempting to cure this default, plaintiff has advised the Court, in no uncertain terms, that she is not coming to Michigan to prosecute her lawsuit. *See* Plaintiff's Letter (docket no. 43). In summary, plaintiff has failed to present a federal question on the face of a "properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 392. *See Ashcroft*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555; *Hensley Manufacturing, Inc.*, 579 F.3d at 609. Accordingly, defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) should be granted for lack of subject matter jurisdiction.

### 2. Personal Jurisdiction

In its motion, defendant Macomb also seeks dismissal for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). When Macomb filed its motion, this matter was pending in the Northern District of Ohio. Macomb asserted that the court lacked personal jurisdiction because it is a "Michigan corporation operating only in Michigan," "does not conduct business in Ohio," and "does not have any activities in the State of Ohio." Macomb's Brief (docket no. 18-3, PageID # 213). At that time, Macomb had an arguable position for lack of personal jurisdiction as an out-of-state defendant with no ties to Ohio. *See Air Products and Controls, Inc. v. Safetech International, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007) ("Personal jurisdiction over an out-of-state defendant arises from certain minimum contacts with the forum such that maintenance of the suit does not offend traditional notions of fair play and substantial justice."), citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks and brackets omitted). However, since this matter is now pending in the Western District of Michigan, Macomb's claim that this Court lacks personal jurisdiction as an out-of-state defendant is no longer applicable. In this regard, Macomb's supplemental brief filed in this Court does not seek dismissal on this ground. *See* Macomb's Reply (docket no. 37). Accordingly, Macomb's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) should be denied.

### B. Failure to state a claim for relief

In the alternative, all defendants seek to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for "failure to state a claim upon which relief can be granted." A complaint may be dismissed for failure to state a claim if it fails to give the defendants a fair notice of the claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555.

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678 (internal citations and quotation marks omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Churchs Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In addition, "[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. National Collegiate Athletic Association*, 528 F.3d 426, 430 (6th Cir. 2008).

As discussed, plaintiff has failed to present any federal claims in a "well pleaded complaint." For those same reasons, plaintiff's complaint could be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). *See Iqbal*, 556 U.S. at 678 (requiring that "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" and demands "more than an unadorned, the - defendant - unlawfully - harmed - me accusation"). Accordingly, in the alternative, defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted for failure to state a claim.[1]

---

[1] The Court notes that defendant Michigan UIA seeks dismissal on the basis of Eleventh Amendment immunity, as do defendants Wyatt, Wheatley and Goolsby with respect to plaintiff's claims against them in their official capacities. However, given the determination that this court lacks subject matter jurisdiction and that plaintiff failed to state a claim for relief, it is unnecessary for the undersigned to address defendants'

### III. RECOMMENDATION

For these reasons, I respectfully recommend that defendants motions to dismiss (docket nos. 6, 8 and 18) be **GRANTED** to the extent they seek relief pursuant to Fed. R. Civ. P. 12(b)(1).

In the alternative, I recommend that defendants motions to dismiss (docket nos. 6, 8 and 18) be **GRANTED** to the extent they seek relief pursuant to Fed. R. Civ. P. 12(b)(6).

I further recommend that defendant Macomb's motion to dismiss (docket no. 18) be **DENIED** to the extent it seeks relief pursuant to Fed. R. Civ. P. 12(b)(2).

I further recommend that this action be **DISMISSED**.


Dated: September 14, 2015         /s/ Ray Kent
                                  RAY KENT
                                  United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

---

claim of immunity.